UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
LAURIE RUBIN,                          :
                                       :
            Plaintiff,                 :
                                       :
       v.                              :   Case No. 12-cv-5071 (JPO)
                                       :
JOHN WILEY & SONS, INC., WILLIAM       :   ECF CASE
ZERTER, HILARY NEWMAN and JOHN DOES    :
1-10,                                  :
                                       :
            Defendants.                :
------------------------------------- X

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT ZERTER'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

FRANKFURT KURNIT KLEIN & SELZ, P.C.
Edward H. Rosenthal
Beth I. Goldman
488 Madison Avenue, 10th Floor
New York, New York 10022
Phone: (212) 980-0120
Fax: (212) 593-9175

*Attorneys for Defendant Wilhelm Zerter, incorrectly named in the Complaint as William Zerter*

Defendant Wilhelm Zerter, incorrectly named in the Complaint as William Zerter ("Zerter"), submits this Reply Memorandum pursuant to FRCP 12(b)(2) in further support of his Motion to Dismiss the Complaint of Plaintiff Laurie Rubin ("Plaintiff") for lack of personal jurisdiction.

In his opening submission in support of this motion, Zerter established that he lives and works in New Jersey and has never been involved in New York on any matter involving the Plaintiff. He also does not have any bank accounts, real estate or other property in New York. He did not even join Defendant John Wiley & Sons, Inc. ("Wiley") until 2010 (long after many of the activities described in the Complaint allegedly occurred). *See* Declaration of Wilhelm Zerter dated September 26, 2012 ("Zerter Decl."), ¶ 5. Zerter also showed that Plaintiff's Complaint does not include any allegation as to the basis for jurisdiction over Zerter and that her general allegations about Wiley are not sufficient to justify hailing Zerter into court in this state. *See Karabu Corp. v. Gitner*, 16 F. Supp. 2d 319, 324 (S.D.N.Y. 1998) (a complaint must allege with specificity each defendant's involvement in the conduct purporting to establish jurisdiction).

Rather than take advantage of the Court's Individual Rules of Practice, which would have permitted Plaintiff to amend her pleading in an attempt to cure these deficiencies,[1] Plaintiff asserts that the Court either must "accept as true the jurisdictional allegations in the Complaint as facts" or permit discovery or convene an evidentiary hearing. Pl.'s Opp'n at 2. But, again, there are no jurisdictional allegations concerning Zerter in the Complaint, and thus nothing to accept as true. In fact, and remarkably, Plaintiff not only fails to set forth any facts that would support

---

[1] *See* Reply Declaration of Edward H Rosenthal in Support of Defendant Zerter's Motion to Dismiss For Lack of Personal Jurisdiction, dated December 3, 2012 ("Rosenthal Decl."), ¶ 2 & Ex. A.

personal jurisdiction, she does not even bother to identify which provision of New York's CPLR she is relying upon, leaving Zerter to guess at the jurisdictional basis for Plaintiff's Complaint.

In her opposition brief, Plaintiff appears to claim that this Court has jurisdiction over Zerter because: (i) Zerter purportedly communicated with persons in New York in matters wholly unrelated to this one; and (ii) Wiley's activities in New York form the basis of jurisdiction over Zerter. *See* Pl.'s Opp'n at 2-5. New York law is clear, however, that neither of these allegations support a finding of personal jurisdiction over Zerter.

First, Plaintiff claims that Zerter had communications with New York-based photographers Laura Dwight and Ellen Senisi as part of what she characterizes as Wiley's "clean-up effort." Pl.'s Opp'n at 5. Neither Ms. Dwight nor Ms. Senisi is a party to this litigation and these alleged communications have nothing to do with Plaintiff's claims against Zerter. New York's long-arm statute, CPLR 302, applies only when there is a "substantial relationship . . . between a defendant's transactions in New York and a plaintiff's cause of action." *Johnson v. Ward*, 4 N.Y.3d 516, 519 (2005). Consequently, contacts unrelated to the specific tort alleged cannot be used to establish jurisdiction. *See McGowan v. Smith*, 52 N.Y.2d 268, 272 (1981) (when the contacts do not "bear a substantial relationship to the transaction out of which the instant cause of action arose," their occurrence serves merely to establish a "transitory physical presence within the state," insufficient to support a finding of personal jurisdiction). Similarly, any communications Zerter may have had with Getty Images about other matters is irrelevant here.[2] Moreover, Plaintiff alleges that she is a resident of Illinois

---

[2] It is disingenuous for Plaintiff to suggest that Zerter's appearance at the trial of the case of *Psihoyos v. John Wiley & Sons, Inc.* in this Court supports the exercise of jurisdiction. Pl.'s Opp'n at 5. Zerter was subpoenaed to testify in that matter, Rosenthal Reply Dec., ¶ 3 & Ex. B, and because he resides within 100 miles of the courthouse, was compelled to appear.

(Compl. ¶ 1), and there is absolutely nothing in her submission to suggest that any of the alleged communications with her described in the Complaint took place in New York.³

Second, as set forth in Zerter's moving brief, personal jurisdiction over an individual cannot be predicated upon the actions of his employer. *See In re Alstom SA Sec. Litig.*, 406 F. Supp. 2d 346, 398 (S.D.N.Y.2005) ("'Jurisdiction over the representatives of a corporation 'may not be predicated on jurisdiction over the corporation itself, and jurisdiction over the individual officers and directors must be based on their individual contacts with the forum state.'") (quoting *Charas v. Sand Tech. Sys. Int'l, Inc.*, No. 90 Civ. 5638, 1992 WL 296406, at *4-5 (S.D.N.Y. Oct. 7, 1992)). Plaintiff believes that this argument is saved because she asserts (in a conclusory fashion) that "Zerter participated in and controlled the infringements that occurred in this District." Pl.'s Opp'n at 4. However, "[j]urisdiction over a corporation's board member, officer or employee, in his or her individual capacity, must be premised on the defendant's own *personal contacts* with the forum, and *not the acts and/or contacts carried out by the defendant in his or her corporate capacity.*" *In re Terrorist Attacks on September 11, 2001*, 718 F. Supp. 2d 456, 471 (S.D.N.Y. 2010) (emphasis added). In other words, Plaintiff must establish that Zerter's personal contacts with the forum state warrant an exercise of jurisdiction. Plaintiff has not done so here, and Wiley's activities in the forum state are irrelevant for that purpose.

Plaintiff also asks in her Opposition for jurisdictional discovery or an evidentiary hearing. *See* Pl.'s Opp'n at 5. But the mere assertion of some theoretical basis for jurisdiction in her brief is not sufficient to trigger such relief. To the contrary, the law in New York is clear that the Court need not give credence to conclusory, non-fact specific allegations or unsupported rhetoric

---

³ In addition, for the reasons set forth in Defendants' motion to dismiss, none of these alleged communications support any copyright, fraud or fraudulent concealment claim against any Defendant, including Zerter.

3

raised only in Plaintiffs' briefs. *See, e.g., Cornell v. Assicurazioni Generali S.p.A., Consol.*, 97 Civ. 2262, 2000 WL 1099844, at *1 & n. 2 (S.D.N.Y. Aug. 7, 2000). Furthermore, a plaintiff's presumptions may be undercut by affidavits submitted by the defendant. *See, e.g., Schenker v. Assicurazioni Generali S.p.A., Consol.*, No. 98 Civ. 9186 (MBM), 2002 WL 1560788, at *3 (S.D.N.Y. Jul. 15, 2002) (unsupported allegations can be refuted by "direct, highly specific, testimonial evidence regarding a fact essential to jurisdiction" where plaintiffs fail to counter such evidence); *M. Shanken Commc'ns, Inc. v. Cigar500.com*, No. 07 Civ. 7371 (JGK), 2008 WL 2696168, at *7 (S.D.N.Y. July 7, 2008);

The deficiencies in the Complaint, combined with Defendant Zerter's sworn declaration, make clear that the exercise of personal jurisdiction over him would neither comport with New York law nor due process under the Fourteenth Amendment.

## CONCLUSION

For all of the reasons set forth herein and in Zerter's opening papers, Plaintiff's claims against Zerter must be dismissed. Moreover, given Plaintiff's calculated decision not to amend her deficient pleadings to avoid this motion, Plaintiff should not be permitted to amend her Complaint. Giving Plaintiff another bite at the apple after she has chosen to rest on her original pleading and forced Zerter to prepare this reply would be unfair and prejudicial.

Dated: December 3, 2012

                                  FRANKFURT KURNIT KLEIN & SELZ, P.C.

By: _____
                Edward H. Rosenthal
                Beth I. Goldman
488 Madison Avenue, 10th Floor
New York, New York 10022
Phone: (212) 980-0120
Fax: (212) 593-9175
erosenthal@fkks.com
bgoldman@fkks.com

*Attorneys for Defendant Wilhelm Zerter, incorrectly named in the Complaint as William Zerter*